

December 23, 2024

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

| | |
|---|---|
| Managing Agent | Registered Agent |
| Agri Star Meat & Poultry, LLC | Jessica A. Doro |
| 220 West Street, PO Box 920 | 2007 1st Avenue SE |
| Postville, Iowa 52162 | Cedar Rapids, Iowa 52402 |

*Other Recipients Identified Below*

Re: Notice of Violations and Intent to Sue under the Clean Water Act, 33 U.S.C. § 1251 *et seq.*

Through counsel at Public Justice, FarmSTAND, and Larew Law Office, Driftless Water Defenders ("Notifiers"), an Iowa nonprofit membership corporation, hereby notifies you of its intent to file civil litigation in the United States District Court for the Northern District of Iowa, Eastern Division, against Agri Star Meat & Poultry, LLC, Agri Star Meat & Poultry (AMP), LP, and Agri Star General, Inc. (collectively, "Agri Star") for the serious and ongoing violations of the Clean Water Act ("CWA") at its processing facility and its associated discharge permit, IA0375102 (the "Permit"). Agri Star is responsible for the facility's effluent discharges and violations of the Permit's effluent limits and other requirements. At the expiration of sixty days from the date of this letter, Notifiers intend to file suit under the CWA's citizen suit provision, 33 U.S.C. § 1365, and will seek declaratory and injunctive relief, civil penalties, and all other relief authorized by law for these violations.

**I.     THE CLEAN WATER ACT AND ITS REQUIREMENTS**

Congress enacted the CWA in 1972 in order to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." *Id.* § 1251. The CWA prohibits "the discharge of any pollutant by any person" from a point source into navigable waters unless allowed by permit. *Id.* § 1311(a). *See Ecological Rights Found. v. Pacific Lumber Co.*, 230 F.3d 1141, 1145 (9th Cir. 2000) (holding discharge of pollutants without permit, or in violation of permit, is illegal). The Act defines "point source" as "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation … from which pollutants are conveyed." 33 U.S.C. § 1362(14). "Pollutant" is

defined to include any "industrial, municipal, and agricultural wastes" discharged into water. *Id.* § 1362(6). CWA jurisdiction extends to "navigable waters," a phrase defined as "the waters of the United States," *id.* § 1362(7), which includes tributaries to navigable waters. 33 C.F.R. § 328.2(a)(5).

The CWA is administered largely through its National Pollutant Discharge Elimination System ("NPDES") permit program. 33 U.S.C. § 1342. The U.S. Environmental Protection Agency ("EPA") may delegate this permitting system to the states, and EPA has done so with Iowa. *See id.* § 1342(b); 40 C.F.R. § 123.61. The Iowa Department of Natural Resources is the state agency authorized to issue and enforce the NPDES permitting program.

Violations of the CWA and NPDES permits are enforceable through the Act's citizen suit provision. 33 U.S.C. § 1365(a); *id.* § 1365(f) (defining "effluent standard or limitation" to include permit terms and conditions). This provision requires citizens to send a notice letter to the owners/operators of a violating facility, the EPA, and the Chief Administrative Office of the state water pollution control agency before bringing suit. *Id.* § 1365(b); *see also* 40 C.F.R. § 135.2. A citizen suit may proceed sixty days after the notice letter unless either EPA or the relevant state has commenced and is diligently prosecuting a civil action in federal or state court. 33 U.S.C. § 1365(b)(1)(B). As required by the CWA, this letter provides notice of the violations that have occurred and continue to occur at the Agri Star processing facility. *See* 40 C.F.R. § 135.3(a).

## II.  FACTUAL BACKGROUND

The facility is subject to Iowa discharge permit IA0375102. The Permit lists Agri Star Meat & Poultry, LLC as the owner, operator, and permittee of the processing facility, located at 220 West Street, Postville, IA 52162. The Permit was issued on August 1, 2022, and expires by its terms on July 31, 2027. The Permit was last amended on December 1, 2024, and Agri Star is required to strictly comply with the terms and effluent limitations of the Permit.

The Permit authorizes Agri Star to discharge to Unnamed Creek (Hecker Creek) through Outfall 001. Hecker Creek is a water of the United States. Hecker Creek flows to the Yellow River, which is also a navigable water subject to the jurisdiction of the CWA. Both Hecker Creek and the Yellow River are impaired waterways, identified on the State's CWA Section 303(d) impaired waterway list.

In particular, Hecker Creek is identified as not meeting water quality requirements for its designated uses: Primary Contact Recreational Use and Aquatic Life. Hecker Creek is impaired from chloride and E. coli. Similarly, the Yellow River is identified as not meeting water quality requirements for its designated uses: Primary Contact Recreational Use, Secondary Contact Recreational Use, Human Health, and Aquatic Life – Coldwater. The Yellow River is impaired from E. Coli and has experienced fish kills. The Yellow River is subject to a Total Maximum Daily Load for E. Coli.

Notifiers understand that the Agri Star processing facility is a slaughterhouse that processes beef and poultry. The wastewater generated is composed of pollution from slaughter, processing of meat and carcasses, and clean-up operations. The Permit authorizes an average discharge flow rate of 1.024 MGD. The facility contains a wastewater treatment system, consisting of a lift station, a raking bar, a Roto screen, a covered anaerobic lagoon, two aerations basins, two clarifiers, four industrial lagoons that receive mainly stormwater, and two additional storage lagoons that receive industrial return wastewater, sludge supernatant, non-contact cooling water, and boiler blowdown.

The Agri Star processing facility consists of one parcel in Allamakee County, Iowa: PIN 1932326003, totaling approximately 18.89 acres. The image below, obtained from Google Images and based on publicly available aerial imagery, depicts the Agri Star facility:



### III. AGRI STAR'S ONGOING VIOLATIONS OF THE PERMIT AND THE CLEAN WATER ACT

Agri Star must strictly comply with the terms of the Permit, including the numeric effluent limitations contained therein. Notifiers will allege that Agri Star violated and continues to violate "an effluent standard or limitation" under Section 505(a)(1)(A) of the CWA, 33 U.S.C. §§ 1365(a)(1)(A) and (f)(6), by failing to comply with the effluent limits in NPDES Permit IA0375102. For Outfall 001, Agri Star must adhere to numeric effluent limitations for a variety of pollutants. Currently, Agri Star must comply with ammonia nitrogen (N) effluent limitations of 96.7 lbs./day daily max and 48.4 lbs./day monthly average; copper effluent limitations of 0.0269 mg/L daily max and 0.01687 mg/L monthly average; total suspended solids effluent limitations of 293 lbs./day daily max and 146 lbs./day monthly average; chloride effluent limitations of 762 mg/L daily max and 471 mg/L monthly average; oil and grease effluent limitations of 139 lbs./day daily max and 70 lbs./day monthly average; biochemical oxygen demand limitations of 238 lbs./day daily max and 119 lbs./day monthly average; a pH effluent limitation minimum of 6.5 standard units; a dissolved oxygen effluent limitation minimum of 5.0 mg/L; and a phosphorous effluent limitation of 21 lbs./day annual average.

As with all NPDES permits, Agri Star must self-monitor its discharges for compliance with these effluent limitations, and report that information on discharge monitoring reports ("DMRs"). This process is now handled electronically, and results are posted in EPA's Enforcement and Compliance History Online ("ECHO") database. Based on information obtained from ECHO and the Iowa Department of Natural Resources, Notifiers hereby inform Agri Star that it is strictly liable for violations of the Permit for the following parameters, on the following dates:

| Effluent Parameter | Date Reported | Effluent Limitation | Monitoring Result |
| --- | --- | --- | --- |
| Ammonia Nitrogen (N) | May 31, 2022 | Monthly Average for May, 1.8 mg/L | 1.824516 mg/L |
| | August 31, 2023 | Daily Max for August, 8.0 mg/L | 15.5 mg/L |
| | August 31, 2023 | Monthly Average for August, 1.0 mg/L | 3.14 mg/L |
| | August 31, 2023 | Daily Max for August, 96.7 lbs./day | 130.6919 lbs./day |

|  | | | |
|---|---|---|---|
|  | September 30, 2024 | Daily Max for September, 96.7 lbs./day | 1149.919 lbs./day |
| Copper | July 31, 2021 | Monthly Average, .01687 mg/L | .0169 mg/L |
|  | September 30, 2021 | Daily Max, .0269 mg/L | .0288 mg/L |
|  | January 31, 2022 | Daily Max, .0269 mg/L | .0343 mg/L |
|  | February 28, 2022 | Daily Max, .0269 mg/L | .0283 mg/L |
|  | February 28, 2022 | Monthly Average, .01687 mg/L | .016933 mg/L |
|  | April 30, 2022 | Daily Max, .0269 mg/L | .0276 mg/L |
|  | August 31, 2022 | Monthly Average, .01687 mg/L | .017213 mg/L |
|  | July 31, 2023 | Daily Max, .0269 mg/L | .0286 mg/L |
|  | July 31, 2023 | Monthly Average, .01687 mg/L | .018153 mg/L |
|  | August 31, 2023 | Daily Max, .0269 mg/L | .0485 mg/L |
|  | August 31, 2023 | Monthly Average, .01687 mg/L | .022814 mg/L |
| Total Suspended Solids | October 31, 2021 | Daily Max, 317 lbs./day | 377.6018 lbs./day |
|  | December 31, 2021 | Daily Max, 317 lbs./day | 481.3431 lbs./day |
|  | January 31, 2022 | Daily Max, 317 lbs./day | 462.9534 lbs./day |
|  | May 31, 2022 | Daily Max, 317 lbs./day | 494.3952 lbs./day |
|  | September 30, 2022 | Daily Max, 293 lbs./day | 338.2704 lbs./day |
|  | November 30, 2022 | Daily Max, 293 lbs./day | 600.48 lbs./day |
|  | December 31, 2022 | Daily Max, 293 lbs./day | 354.867 lbs./day |
|  | August 31, 2023 | Daily Max, 293 lbs./day | 371.547 lbs./day |

| | November 30, 2023 | Daily Max, 293 lbs./day | 567.7371 lbs./day |
|---|---|---|---|
| | September 30, 2024 | Daily Max, 293 lbs./day | 19165.32 lbs./day |
| | September 30, 2024 | Monthly Average, 146 lbs./day | 655.9365 lbs./day |
| Chloride | August 31, 2024 | Daily Max, 762 mg/L | 878 mg/L |
| | August 31, 2024 | Monthly Average, 471 mg/L | 767.75 mg/L |
| | September 30, 2024 | Daily Max, 762 mg/L | 957 mg/L |
| | September 30, 2024 | Monthly Average, 471 Mg/L | 867.8888 mg/L |
| | October 31, 2024 | Daily Max, 762 mg/L | 954 mg/L |
| | October 31, 2024 | Monthly Average, 471 mg/L | 840 mg/L |
| Oil & Grease | July 31, 2021 | Monthly Average, 73 lbs./day | 123.8323 lbs./day |
| | March 31, 2024 | Daily Max, 139 lbs./day | 143.8816 lbs./day |
| | March 31, 2024 | Monthly Average, 70 lbs./day | 143.8816 lbs./day |
| Biochemical Oxygen Demand (BOD5) | September 30, 2024 | Daily Max, 238 lbs./day | 19165.32 lbs./day |
| | September 30, 2024 | Monthly Average, 119 lbs./day | 655.9159 lbs./day |
| Dissolved Oxygen | July 31, 2023 | Daily Min, 5.0 mg/L | 4.8 mg/L |
| pH | December 31, 2022 | Daily Min, 6.5 pH standard units (S.U.) | 6.3 S.U. |

These violations have been continuous and ongoing. No regulatory entity has sought to enforce these violations against Agri Star. There have been no administrative penalties issued for any of these violations, nor has there been any public notice of an administrative enforcement proceeding that affords the public an opportunity to participate. Notifiers submit these ongoing violations will continue to recur absent judicial intervention.

Notifiers also inform Agri Star that in addition to the above numeric effluent limitation violations, Agri Star is strictly liable for numerous "non-receipt" violations. Based

on information in the Iowa Department of Natural Resources' September 8, 2023, Facility Inspection Report, Agri Star failed to conduct sampling at the required frequencies, violating the "Monitoring and Reporting Requirements" of the Permit (page 7), as well as Standard Condition Nos. 3 and 7, as depicted below:

| Sampling Violation | Relevant Sampling Period(s) |
| --- | --- |
| Failure to sample effluent Total Nitrogen on a bi-monthly basis. | December 2020 to July 2021 |
| Failure to sample influent Total Kjeldahl Nitrogen on a bi-weekly basis. | September 2021 |
| Failure to sample effluent Total Residual Chlorine, Temperature, and pH on a daily basis. | November 18, 2021 |
| Failure to sample Dissolved Oxygen on a daily basis. | November 18, 2021<br>May 2022<br>June 2022 |
| Failure to record influent flow on a daily basis. | April 2022 |
| Failure to sample Ammonia Nitrogen on a daily basis. | November 26, 2022 |
| Failure to collect five E. coli samples in one calendar month for every quarter specified by permit. | November 2020 to March 2021<br>March 2021 to June 2021<br>November 2021 to March 2022<br>March 2022 to May 2022<br>September 2022 to November 2022 |
| Failure to sample effluent Fecal Coliform on a monthly basis. | January 2023 |
| Failure to sample influent and effluent Total Suspended Solids on a daily basis. | June 25–26, 2023 |
| Failure to sample influent Biochemical Oxygen Demand and effluent Carbonaceous Biochemical Oxygen Demand on a daily basis. | May 1, 2021<br>August 30–31, 2022<br>November 26, 2022<br>June 25–26, 2023 |

Based on information in the ECHO database and the Iowa Department of Natural Resources' September 8, 2023, Facility Inspection Report, Agri Star also has twelve counts of late or missing measurements on DMRs submitted to the Department, in violation of the

"Monitoring and Reporting Requirements" of its Permit (Page 7), as well as Standard Condition Nos. 3 and 7:

| Monitoring Period | Deadline to Submit DMR Measurement | Date of Submission[1] |
|---|---|---|
| December 2020 | January 15, 2021 | January 29, 2021 |
| April 2022 | May 15, 2022 | May 17, 2022 |
| May 2022 | June 15, 2022 | June 17, 2022 |
| November 2022 | December 15, 2022 | December 21, 2022 |
| December 2022 | January 15, 2023 | Unknown |
| January 2023 | February 15, 2023 | Unknown |
| February 2023 | March 15, 2023 | Unknown |
| April 2023 | May 15, 2023 | May 16, 2023 |
| June 2023 | July 15, 2023 | July 18, 2023 |
| December 2023 | January 15, 2024 | Unknown |
| January 2024 | February 15, 2024 | Unknown |
| February 2024 | March 15, 2024 | Unknown |

Notifiers submit these DMR non-receipt violations will continue to recur absent judicial intervention.

Lastly, Agri Star is subject to a host of Standard Conditions in the Permit. Per Condition No. 9 ("Proper Operation and Maintenance"), Agri Star must ensure that all facilities and control systems are operated efficiently and maintained in good working order, and Agri Star must maintain adequate laboratory controls and quality assurance procedures to ensure compliance with the Permit. Based on public information, Agri Star is violating Condition 9 by failing to have sufficient resources, personnel, and equipment at hand to comply with the terms of its Permit. For instance, Agri Star fails to properly calibrate influent and effluent flow meters and did not measure any flow going from the wastewater lagoon to its industrial lagoons. Agri Star fails to properly maintain the banks of its lagoons, resulting in heavy vegetation that is contrary to the requirements of Iowa Wastewater Design Standards. Agri Star staff have been improperly trained and lack the required

---

[1] For entries marked "unknown," ECHO lists the non-receipt violation but does not specify the date of submission, and that information is not otherwise accessible.

operator certifications. And Agri Star used chemicals that were expired by their own terms. All of these failures show ongoing violations of the Operation and Maintenance provisions of the Permit. Per Condition No. 8 ("Duty to Mitigate"), Agri Star must also take all reasonable steps to minimize or prevent any discharge in violation of the Permit which has a reasonable likelihood of adversely affecting human health or the environment.

Based on information obtained from the Iowa Department of Natural Resources and the City of Postville, Notifiers hereby inform Agri Star that it is strictly liable for a violation of Standard Conditions Nos. 8 and 9 in the Permit in connection with an illegal wastewater discharge. On March 4, 2024, 250,000 gallons of untreated beef processing waste from the Agri Star processing facility entered the City of Postville's wastewater treatment system, resulting in an interference with the City of Postville's normal wastewater treatment process—a violation of Subrule 567 IAC 62.1(7). The publicly available image below depicts contamination in the City of Postville's aeration basin:



The City of Postville reported that Williams Creek, a tributary to the Yellow River, appeared red in color after the illegal discharge. The publicly available image below depicts contamination in Williams Creek:



According to Agri Star, the discharge occurred due to a blocked sewer line leading from the beef kill floor to Agri Star's wastewater treatment plant. The blocked sewer line caused flooding in the basement—the location of a lift station that pumps wastewater from Agri Star's offices and restrooms to the City of Postville's domestic wastewater treatment plant.

The City of Postville stated that while Agri Star worked to fix the blocked sewer line, Agri Star did not appear to limit or cease production—processing waste continued to flow to the City's treatment system at a rate of 148 to 164 gallons per minute. The City found it "alarming" that Agri Star was not aware of the blocked sewer line until contacted by the City and did not promptly report the discharge.

Agri Star's inadequate laboratory controls and Agri Star's failure to maintain its sewer lines in good working condition violates Permit Condition No. 9. Additionally, Agri Star violated Permit Condition No. 8 because Agri Star did not take "all reasonable steps" to minimize the discharge of untreated wastewater, by, for example, significantly reducing or ceasing production until the issue was resolved. Agri Star's illegal discharge to the Postville wastewater treatment system and ultimately to Williams Creek adversely affected the environment by impairing water quality.

Notifiers submit that Agri Star's illegal discharges resulting from inadequate operations and maintenance are likely to recur in the future absent judicial intervention.

## IV.   RELIEF TO BE REQUESTED

To remedy these violations, we intend to ask that the court order Agri Star to pay civil penalties in the amount of $66,712 per day, per violation, as authorized by 33 U.S.C. § 1365, based on the factors set forth in 33 U.S.C. § 1319(d) and calculated in accordance with 40 C.F.R. § 19.4.

Notifiers will also seek declaratory relief confirming that Agri Star has violated and continues to violate its NPDES Permit and the CWA at the Agri Star processing facility. Relatedly, Notifiers will seek injunctive relief, 33 U.S.C. § 1365, requiring Agri Star to take all actions necessary to comply with the Permit and all other applicable CWA and state requirements, prevent further water pollution of Hecker Creek and the Yellow River, and remediate any ongoing pollution and environmental harm caused by Agri Star's illegal discharges. This will include injunctive relief requiring Agri Star to install and maintain a wastewater treatment system that will comply with the effluent limitations of its Permit, as well as injunctive relief requiring the training and supervision of Agri Star's environmental staff. Notifiers may request additional injunctive relief based on documents obtained in discovery regarding the wastewater lagoon system, as well as any other injunctive relief the Court deems appropriate.

Lastly, we intend to seek the recovery of fees and litigation costs, including attorneys' and expert witnesses' fees, as authorized by the CWA, 33 U.S.C. § 1365(d).

## V.   PARTIES GIVING NOTICE

The parties giving notice, including their full names, addresses, and telephone numbers, are as follows:

DRIFTLESS WATER DEFENDERS
504 E. Bloomington St, Iowa City, IA 52240
Admin@driftlesswaterdefenders.com
(319) 541-4240

Counsel for Notifiers has been retained and their contact information is:

| Daniel C. Snyder<br>Haley Nicholson<br>dsnyder@publicjustice.net<br>(202) 797-8600<br>PUBLIC JUSTICE<br>1620 L Street NW, Suite 630<br>Washington, DC 20063 | Holly Bainbridge<br>holly@farmstand.org<br>(202) 595-8816<br>FARMSTAND<br>712 H Street NE Suite 2534<br>Washington, DC 20002 |
|---|---|
| Skye Walker<br>skye@farmstand.org<br>(202) 595-8816<br>FARMSTAND<br>712 H Street NE Suite 2534<br>Washington, DC 20002 | James Larew<br>James.Larew@LarewLawOffice.com<br>(319) 337-7079<br>LAREW LAW OFFICE<br>504 E Bloomington St<br>Iowa City, IA 52245 |

Please contact Daniel C. Snyder at Public Justice if you would like to discuss the content of this letter.

***

Notifiers believe that the data and information contained in this letter provide Agri Star with sufficient information about the alleged violations and the ability to come into compliance with the CWA and the Permit. Notifiers intend to file a citizen suit under the CWA, 33 U.S.C. § 1365(a), against Agri Star, alleging the above-referenced violations upon the expiration of the sixty-day notice period. Additional information, including information not yet available to Notifiers, may reveal additional violations, which this letter intends to cover.

Notifiers welcome the opportunity to discuss this matter with you and potentially resolve any disputes so as to avoid time-intensive and resource-consuming litigation. Please contact us promptly if you believe we do not understand facts about the Agri Star processing facility and the alleged violations correctly or wish to discuss effective remedies for the violations noted in this letter. Notifiers do not intend to delay the filing of a complaint in federal court if discussions are continuing at the conclusion of the 60-day period. Thank you.

Sincerely,

*/s/ Daniel C. Snyder*
Daniel C. Snyder
Haley Nicholson
PUBLIC JUSTICE

*/s/ Holly Bainbridge*
Holly Bainbridge
Skye Walker
FARMSTAND

*/s/ James Larew*
James Larew
LAREW LAW OFFICE

cc:

| | |
|---|---|
| Managing Agent<br>Agri Star General, Inc.<br>7975 Marco Polo Avenue<br>Montreal, Canada H1E1N8 | Registered Agent<br>David M. Repp<br>801 Grand Avenue, Suite 3700<br>Des Moines, IA 50309 |
| Managing Agent<br>Agri Star Meat & Poultry (AMP), LP.<br>7975 Marco Polo Avenue<br>Montreal, Canada H1E1N8 | Registered Agent<br>Jessica A. Doro<br>2007 1st Avenue SE<br>Cedar Rapids, Iowa 52402 |
| Director Kayla Lyon<br>Iowa Department of Natural Resources<br>6200 Park Avenue, Suite 200<br>Des Moines, IA 50321 | U.S. Attorney General Merrick B. Garland<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001 |
| Regional Administrator Meg McCollister<br>U.S. Environmental Protection Agency, Region 7<br>11201 Renner Boulevard<br>Lenexa, KS 66219 | Administrator Michael S. Regan<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br>Mail Code 1101A |